

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 838 | **DATE** | 4/21/2003 |
| **CASE TITLE** | | Webmethods vs. Iwork Software | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   The reasons set forth on the attached order, the Court grants defendant's motion to dismiss (6-1, 24-1). The case is dismissed for lack of subject matter jurisdiction. All other pending motions are terminated as moot. The status hearing of 4/22/03 is vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 2 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 28 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WEBMETHODS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03 C 838 |
| ) | |
| IWORK SOFTWARE, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff webMethods, Inc. filed a declaratory judgment action in its home district, the Eastern District of Virginia, seeking an declaration that United States Patent No. 6,310,888, issued to defendant iWork Software, LLC, is invalid and unenforceable, or alternatively is not infringed by certain software products produced and sold by webMethods. iWork moved to dismiss webMethods' action for lack of subject matter jurisdiction, or alternatively to transfer it to this District pursuant to 28 U.S.C. §1404(a). iWork's motion to dismiss alleged that there was no actual controversy between iWork and webMethods; its motion to transfer was premised on the pendency of an action it had previously filed in this District, *iWork Software, LLC v. Corporate Express, Inc., et al.*, Case No. 02 C 6355, pending before Judge Ronald Guzman. The Virginia court declined to address iWork's motion to dismiss but granted its motion to transfer the case to this District, where it was randomly assigned to this Court's docket. The Court now addresses iWork's still-pending motion to dismiss.

iWork and webMethods are competitors. iWork's '888 patent concerns technology for

communicating computer data in networked systems between software applications utilizing different data formats. iWork's system converts the data to a standard format, routes it, and converts it to the format used by the receiving application. The conversion and routing are performed in a centralized manner, minimizing the number of format conversions that are required. The technology allows businesses to link their software applications both internally and with customers, suppliers, and others.

webMethods produces software products that allow the sharing of data from different software applications – commonly known as "integration" or "enterprise integration" software. In its response to iWork's motion to dismiss, webMethods contends that iWork obtained the '888 patent without disclosing to the Patent Office significant prior art that had been produced by webMethods' predecessor entity Active Software, Inc. more than a year before the filing of iWork's patent application.

In the action before Judge Guzman, iWork claims that the defendant entities, Corporate Express, Inc., Herman Miller, Inc., W.W. Grainger, Inc., Molex Inc., and Boise Cascade Corp., are infringing the '888 patent. webMethods contends, and iWork does not dispute, that each of these entities is a customer of webMethods using its integration software products. Indeed, each is listed on webMethods' Web page as a customer or a "success story." *See* Declaration of Daniel Laskell ¶4.

webMethods contends that iWork's filing of the Illinois lawsuit, and its express and implied threats of litigation directed to other webMethods customers, have disrupted webMethods' business, interfered with its ability to sell its products, and created uncertainty among its existing customers, causing certain of those customers (including the defendants in the

Illinois action) to seek indemnification from webMethods if they are sued for infringement by iWork. *Id.* ¶¶7-9. The indemnification demand of the Illinois defendants is predicated on provisions in their agreements with webMethods that, in substance, requires webMethods to defend, indemnify, and hold them harmless from and against any claim for actual or alleged infringement of any patent based in whole or in part upon theirs use of webMethods' software. *Id.*, Exs. 3-5. Though iWork's complaint does not refer to webMethods' software, the Illinois defendants believe that iWork's claims against them are based on their use of webMethods' software products. In response to the indemnification demand, webMethods has undertaken to indemnify all five of the Illinois defendants. *Id.* ¶10.

iWork argues, however, that it has not accused webMethods of patent infringement. It specifically states that the Illinois action "is not" predicated on the defendants' use of webMethods' products. iWork Reply at 2. Rather, it says, webMethods' integration software "is just one component that may be used in computer network systems that have been accused of infringement." *Id.* webMethods further states that "[t]he accused computer systems and networks, of necessity, must contain more [than] mere software to infringe" the '888 patent. *Id.* Among other things, it says that webMethods "apparently only supplies certain software and does not supply certain claimed components, including the critical source and destination processes." *Id.* at 5. iWork further states that "[t]he claims of the '888 patent call for a variety of components above and beyond any software supplied by webMethods." *Id.*

iWork has moved to dismiss the present action on the grounds that there is no actual controversy between it and webMethods. The Declaratory Judgment Act authorizes a court to declare the rights of an interested party in "a case of actual controversy." 28 U.S.C. §2201. In a

3

case involving patent rights, a justiciable controversy exists when there has been (1) an explicit threat or other action by the patentee-defendant that creates a reasonable apprehension on the part of the plaintiff that it, or its customers, will face an infringement action, and (2) present activity by the plaintiff could constitute infringement, or concrete steps taken with the intent to conduct such activity. *Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha*, 57 F.3d 1051, 1052 (Fed. Cir. 1995); *Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736-37 (Fed. Cir. 1988). Due to "the realities of business life," *Arrowhead*, 846 F.2d at 736, a manufacturer of an accused product is allowed to bring a declaratory judgment action when its customers are sued or threatened with suit. In such cases, the manufacturer is likely in a better position to protect its product than are its customers. In addition, the manufacturer has legitimate interests extending beyond the particular customer or customers whom the patent holder has selected to sue, and it is not required to stand idly by and allow the implicit threat of litigation against other customers to slowly (or not so slowly) erode its business.

webMethods argues that despite iWork's concession that it is not accusing webMethods' software of infringing the '888 patent, the same "realities of business life" which led the court in *Arrowhead* to permit a manufacturer to bring a declaratory judgment action when its customers are sued or threatened with suit should lead this Court to deny iWork's motion to dismiss. webMethods argues that there is evidence indicating that the Illinois defendants were sued because they were webMethods customers, and it relies heavily on the fact that those defendants have asked webMethods to indemnify them, and that it has agreed to do so. Indeed, the courts in *Minebea Co. v. Papst*, 13 F. Supp. 2d 35, 39-40 (D.D.C. 1998); *Dow Chemical Co. v. Viskase Corp.*, 892 F. Supp. 991, 996-97 (N.D. Ill. 1995); *Wallace & Tiernan, Inc. v. General Electric*

*Co.*, 291 F. Supp. 217, 222 (S.D.N.Y. 1968), relied in part on the existence of a manufacturer's obligation to indemnify its customers to give the manufacturer standing to bring a declaratory judgment action.

But *Minebea, Dow*, nor *Wallace & Tiernan* do not stand for the proposition that the mere existence of an agreement to indemnify gives rise to standing. In each of those cases, there was no question that it was the manufacturer's product that was accused of infringement. Here the contrary is true: iWork has expressly disavowed any such claim. The Court takes iWork at its word; it has made an admission that webMethods' software is non-infringing. iWork cites no authority for the proposition that a manufacturer's undertaking to indemnify a customer suffices to create standing to sue a patent holder for a declaration of non-infringement and invalidity, in the absence of some claim or contention that the manufacturer's product infringes the patent. Though webMethods' business interests evidently warrant indemnifying its customers, and though the indemnification conceivably may give webMethods an interest sufficient to permit it to intervene in the action before Judge Guzman (an issue we do not decide), it does not have standing to bring its own action for a declaratory judgment of non-infringement and invalidity.

For these reasons, the Court grants iWork's motion to dismiss [docket items 6-1, 24-1]. The case is dismissed for lack of subject matter jurisdiction. All other pending motions are terminated as moot. The status hearing set for April 22, 2003 is vacated.

MATTHEW F. KENNELLY
United States District Judge

Date: April 21, 2003

5