IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| webMethods, Inc., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 03 C 0838 |
| | ) |
| v. | ) The Honorable Matthew F. Kennelly |
| | ) |
| iWork Software, LLC, | ) Magistrate Judge Geraldine Soat Brown |
| | ) |
| Defendant. | ) |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on Wednesday, April 30, 2003 at 9:30 a.m., or as soon thereafter as counsel can be heard, we shall appear before the Honorable Matthew F. Kennelly in the courtroom usually occupied by him in the United States District Court for the Northern District of Illinois, room 1719, and then and there present the attached **MOTION FOR RECONSIDERATION OF MEMORANDUM AND ORDER DISMISSING COMPLAINT**. A copy of the motion is attached and herewith served upon you.

Dated: April 25, 2003

Respectfully Submitted,

_____
Anthony Nimmo
Richard Schnurr
HOWREY SIMON ARNOLD & WHITE, LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60610
(312) 595-1239

Joseph P. Lavelle
Jennifer M. Lee
HOWREY SIMON ARNOLD & WHITE, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800

Attorneys for WEBMETHODS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **WEBMETHODS' MOTION FOR RECONSIDERATION OF MEMORANDUM AND ORDER DISMISSING COMPLAINT** was served this 25th day of April, 2003 on the following by fax and first class mail:

>John F. Flannery
>Timothy P. Maloney
>Karl R. Fink
>Mark W. Hetzler
>Rudy I. Kratz
>FITCH, EVEN, TABIN & FLANNERY
>120 South LaSalle Street, Suite 1600
>Chicago, IL  60603-3406
>Telephone: (312) 577-7000
>Facsimile: (312) 577-7007

_____
Attorney for Plaintiff, webMethods, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
APR 2 5 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| WEBMETHODS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 03-C-838 |
| | ) Hon. Matthew F. Kennelly |
| IWORK SOFTWARE, LLC, | ) |
| Defendant. | ) |

## WEBMETHODS' MOTION FOR RECONSIDERATION OF MEMORANDUM AND ORDER DISMISSING COMPLAINT

Plaintiff webMethods, Inc. ("webMethods") respectfully requests reconsideration of the Court's April 21, 2003 Memorandum and Order dismissing webMethods' complaint for lack of a justiciable controversy. webMethods respectfully submits that the Court misapplied controlling precedent, including specifically *Dow Chemical Co. v. Viskase Corp.*, 892 F.Supp. 991 (N.D.Ill. 1995) (Ex. 1 hereto). When the applicable and controlling case law is properly considered and applied, the motion to dismiss should be denied. Hence, webMethods respectfully requests reconsideration.

In support of its motion for reconsideration, webMethods states as follows:

### ARGUMENT

### I. THE COURT'S APRIL 21 MEMORANDUM AND ORDER

In a Memorandum Opinion and Order dated April 21, 2003, the Court dismissed webMethods' declaratory judgment claim. (Ex. 2). The Court recognized that webMethods sells software that allows various software programs in a company to share data, a function known as "integration" or "enterprise integration." (Mem. at 2). The

Court also properly recognized that defendant, iWork, has sued five of webMethods customers in this district, alleging that these customers infringe U.S. Patent No. 6,310,888, in part by using webMethods' software (the "Illinois litigation"). (*Id.*) Further, the Court acknowledged that webMethods has contractual obligations to indemnify its customers including those in the Illinois action, against iWork's claims of infringement of the '888 patent. (*Id.* at 2-3).

Despite this showing, the Court did not permit the declaratory judgment claim to proceed. The Court accepted iWork's contention that webMethods' software was not the sole basis for its infringement claim, and noted that iWork claimed that webMethods' software had to be combined with other software in order to infringe the '888 patent. (*Id.* at 3).[1] Given its understanding of iWork's position, the Court refused to follow cases such as *Dow Chemical, Minebea Co. v. Pabst*, 13 F.Supp.2d 35 (D.D.C. 1998), and *Wallace & Tiernan, Inc. v. General Electric Co.*, 291 F.Supp. 217 (S.D.N.Y. 1968), which recognize that a manufacturer's obligation to indemnify its customers creates a legal obligation sufficient for declaratory judgment jurisdiction to exist. The Court reasoned:

> But *Minebea, Dow*, nor *Wallace & Tiernan* do not stand for the proposition that the mere existence of an agreement to indemnify gives rise to standing. In each of those cases, there was no question that it was the manufacturer's product that was accused of infringement. iWork has expressly disavowed such a claim. . . . iWork [sic, webMethods] cites no authority for the proposition that a manufacturer's undertaking to indemnify a customer suffices to create

---

[1] Since filing its motion to dismiss, iWork has begun to provide claim charts to the defendants in the Illinois Action. Contrary to what iWork told the Court, iWork is accusing **only webMethods software of infringing** at least against defendant Corporate Express. iWork's claim chart was filed pursuant to a protective order in the Illinois case and cannot be attached here. However, if the Court would find it helpful, webMethods will seek relief from the protective order in order to provide this claim chart to the Court.

2

> standing to sue a patent holder for a declaration of non-infringement and invalidity, in the absence of some claim or contention that the manufacturer's product infringes the patent.

(Mem. at 5).

webMethods respectfully submits that the Memorandum opinion is in error as it is the result of a misapprehension of the *Wallace & Tiernan* and *Dow* decisions.

## II. *DOW* AND *WALLACE & TIERNAN* REQUIRE THAT THE MOTION TO DISMISS BE DENIED

A motion for reconsideration may be granted to correct manifest errors of law or to present newly-discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) *(citing Keene Corp. v. International Fidelity Insurance Co.*, 561 F. Supp. 656 (N.D. Ill. 1976)); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Motions for reconsideration should be granted to correct errors in law due to the court's misapprehension of the law. *See, e.g., Salmanis v. American Postal Workers Union*, 2001 U.S. Dist. LEXIS 2228 (N.D. Ill. March 2, 2001) (granting motion for reconsideration of earlier ruling based on a misapprehension of the law); *Flowers v. Goldman, Sachs & Co.*, 865 F. Supp. 453, 454-55 (N.D. Ill. 1994) (same).

webMethods respectfully submits that the above quoted portion of the Court's April 21, 2003 Memorandum is in plain error in at least the following respects:

- *Dow* and *Wallace & Tiernan* plainly do stand for the proposition that an obligation to indemnify gives rise to standing.

- In both of those cases it is clear that the product made by the manufacture **did not infringe**, and that only the customer's conduct was alleged to infringe.

- In both *Dow* and *Wallace & Tiernan*, the patent owner had expressly disavowed suing the manufacturer, just as iWork has done here.

3

> - The two cases unambiguously provide that the obligation to indemnify creates a *legal* interest in the outcome sufficient to support a declaratory judgment claim, and this district has recognized this right in *Dow*.

A brief review of *Wallace & Tiernan* and *Dow* demonstrate the plain error in the Court's conclusion.

The *Wallace & Tiernan* case is cogently summarized in the *Dow* decision in this district and is essentially indistinguishable from this case. In *Wallace & Tiernan*, the patent holder had a patent covering a three-component composition, made up of polyethylene, a curing agent, and filler. The manufacturer seeking to bring the declaratory judgment action sold the curing agent, and hence was not accused of infringement. Indeed, just as in this case, the patent holder had promised never to sue the manufacturer for infringement. (291 F.Supp. at 221). Also, as in this case, the manufacturer indemnified its customers who bought the curing agent from claims of infringement. The *Wallace & Tiernan* court found that the manufacturer had standing to bring a declaratory judgment action challenging the patent. (*Id.* at 222-23).

The *Dow* case is likewise very similar to *Wallace & Tiernan* and this case, except that the manufacturer in *Dow* had not agreed to indemnify its customers. In *Dow*, Dow sold a staple article of commerce, ethylene, to customers who used the ethylene to make plastic shrink-wrapped films. (892 F.Supp. at 992). The patents at issue covered the finished films, not the ethylene, and again it was the customers, not Dow, who were accused of infringement. (*Id.*). Also like this case, the patent holder had promised not to sue the manufacturer, Dow, for infringing the patent. (*Id.* at 994). However, unlike this case and *Wallace*, Dow had not agreed to indemnify its customers against the claims of infringement made by the patent holder.

4

In reviewing the cases, this district court, in *Dow*, stated that the manufacturer's obligation to indemnify its customers creates a sufficient legal interest to support a declaratory judgment claim. The Court explained that, in *Wallace & Tiernan*:

> The plaintiff in that case had agreed to indemnify its customers against defendant's enforcement of its patent. That fact was critical to the court's decision, and rightfully so; **by indemnifying a customer, a manufacturer assumes a legal duty and therefore acquires the kind of real legal interest in the controversy that the Declaratory Judgment Act requires.**

*Dow*, 892 F.Supp. at 996 (emphasis added) (*citing Bancroft & Sons Co. v. Spunzie Co.*, 268 F.2d 522, 523 (2d Cir. 1959)).

The court in *Dow* noted that *Wallace & Tiernan* was an "unusual case" in that declaratory judgment jurisdiction was found "despite the fact that the plaintiff-manufacturer produced only a non-infringing component and its customers were the potential infringers." (*Id.* at 997). Despite this, the court in *Dow* expressly agreed with the outcome in *Wallace & Tiernan*. The court stated:

> We agree with *Wallace & Tiernan* insofar as it held that **a manufacturer's obligation to indemnify customers threatened with suit is a sufficient basis for jurisdiction over the manufacturer's declaratory judgment action.** After all, indemnification is a legal obligation.

(*Id.* at 997) (emphasis added). However, as Dow had not agreed to indemnify its customers, the court found that Dow lacked a basis to bring a declaratory judgment claim.

We respectfully submit that the April 21 Memorandum plainly misapplies the holding and rationale of *Wallace & Tiernan* and *Dow*. Both cases plainly do involve a manufacturer whose product was not accused of infringement, just as in this case. Both cases involve a promise by the patent holder not to sue the manufacturer for

5

infringement, just as in this case. Both cases plainly recognize that in such a case, the manufacturer can nonetheless maintain a declaratory judgment action if it has indemnified its customers, as indemnity is a legal obligation of the type required by the Declaratory Judgment Act. *Accord, Minebea,* 13 F.Supp.2d 35.

Under a proper application of *Wallace & Tiernan* and *Dow*, it is apparent that the motion to dismiss should have been denied. Therefore, the Court should grant reconsideration and deny the motion to dismiss.

### III.   THE INTERESTS OF JUSTICE SUPPORT RECONSIDERATION

The interests of justice support the reconsideration of the April 21, 2003 Memorandum and denial of the motion to dismiss. As set forth above, under the relevant precedent, webMethods' indemnity obligations with its customers give it a cognizable legal interest in this dispute sufficient to invoke the Declaratory Judgment Act.

Moreover, webMethods is better situated than its customers to assert the invalidity and non-infringement claims against the '888 patent. webMethods has been a participant in the market for this technology since well before the date on which iWork applied for the '888 patent. webMethods is the party with detailed familiarity with the workings of its software and the party best situated to raise the many non-infringement defenses that exist against the '888 patent. It is precisely these sorts of "realities of business life" that the Court of Appeals for the Federal Circuit has found support allowing manufacturers to bring declaratory judgment claims in appropriate cases. (Mem. at 4; *Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731 (Fed. Cir. 1988)).

In addition, the Court's April 21 Memorandum could, unless reconsidered, have the practical effect of making it difficult for webMethods to intervene into the Illinois

6

customer action. The Court's April 21 Memorandum does not purport to resolve the intervention issue. However, we are aware of at least one decision in this district that found that when a justiciable controversy does not exist between the patentee and a manufacturer, the manufacturer lacks the ability to intervene in a customer suit to assert a declaratory judgment claim against the patentee. *Solaia Technology LLC v. ArvinMeritor, Inc.*, No. 02 C 4704 (Nolan, J., Order dated Sept. 20, 2002). Hence, unless reconsidered, the Court's April 21 Order may make it difficult, as a practical matter, for webMethods to intervene into the customer litigation between iWork and webMethods' customers.

## CONCLUSION

For the foregoing reasons, webMethods respectfully requests that the Court reconsider its April 21, 2003 Memorandum and Order and deny iWork's motion to dismiss the declaratory judgment claim.

Respectfully submitted,

_____
Anthony Nimmo
Richard A. Schnurr
HOWREY SIMON ARNOLD & WHITE, LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610
(312) 595-1239

Joseph P. Lavelle
Jennifer M. Lee
HOWREY SIMON ARNOLD & WHITE, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800

Attorneys for WEBMETHODS, INC.

Of Counsel:
Douglas W. McNitt
Daniel M. Lascell
webMethods, Inc.
3930 Pender Drive
Fairfax, VA 22030
(703) 460-2500

Dated: April 25, 2003

# See Case File For Exhibits